## The PEOPLE of the State of Colorado, Plaintiff–Appellee,

### v.

### Jarred ROY, Defendant–Appellant.

### No. 02CA0590.

Colorado Court of Appeals,
Div. III.

July 29, 2004.

Rehearing Denied Sept. 2, 2004.

Certiorari Denied April 18, 2005.*

Whether a trial court, after actively participating in plea discussions, may reject a defendant's plea at sentencing for a reason other than that stated in its conditional acceptance of the plea agreement.

---

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2003.

* Justice COATS would grant as to the following:

Ken Salazar, Attorney General, Karen E. Lorenz, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

Defendant, Jarred Roy, appeals the trial court's judgment of conviction entered upon jury verdicts finding him guilty of distribution of a schedule I controlled substance and special offender-importation. We vacate the judgment and remand for further proceedings.

A person selling LSD identified defendant as the supplier of the drugs found in a mailed package.

Defendant was charged with one count of distribution of a schedule I controlled substance and one count of special offender-importation. Defendant pleaded guilty to an added third count of possession of a schedule I controlled substance in exchange for dismissal of the original counts. Although the plea agreement advised defendant that he could receive a sentence of between four and twelve years, the parties and the trial court agreed that defendant would receive a sentence of eight years, suspended on the condition of satisfactorily completing a ten-year probation, provided that defendant had no prior criminal record.

At the providency hearing, the court advised defendant of the applicable penalties and then explained the following:

> As you know, discussions have taken place between [defense counsel] and . . . the district attorney and myself about, number one, would the Court be willing *to commit in advance* as to what the penalty would be so that you would have information which would make it possible for you to decide whether or not you wanted to enter a plea. After we concluded those discussions, I said yes, I would be willing to commit in advance, but only on the assumption you have no criminal record, which is what was represented to me. *If that turns out to be the case when sentencing occurs, the court has committed . . . to* imposing an eight-year Department of Corrections sentence, suspending that sentence on the condition that you . . . successfully complete a ten-year period of [probation.]

(Emphasis added.) Defendant then entered a guilty plea to an added count, and the trial court accepted the plea, dismissing the original counts:

The court finds that the plea has been knowingly, intelligently and voluntarily made. Defendant understands his rights, the nature of the charges and the possible penalties. A factual basis for the plea has been stipulated to. And defendant has been represented by effective and competent counsel. So finding, the Court accepts the plea of guilty to the added count three and hereby dismisses counts one and two.

At the first sentencing hearing, the prosecutor requested that sentencing be continued so that she could investigate allegations made by a United States marshal and DEA agent that defendant "had been making a living selling drugs" while in Hawaii. The court initially denied the prosecutor's request, noting that there was nothing that would meet the test of "criminal history." However, after the court reviewed the presentence report, it determined that the probation department should conduct further inquiry into defendant's prior activities. The court continued sentencing for further verification of defendant's employment history.

At the second sentencing hearing, the prosecutor presented a special report filed by the probation department which indicated that defendant's employment history in Hawaii was uncorroborated and included only jobs where he worked for cash, such as disc jockey, necklace seller, and caretaker. However, the report indicated that defendant did not have a criminal record.

The court expressed concern about the "highly equivocal information" provided:

> The Court is profoundly disturbed about the prospect of having to accept that basically this defendant was living on roots and nuts and berries in Kauai.... I don't find the information that has been presented to the Court to be credible about this defendant's employment, using that word loosely.

The court concluded that it was not willing to proceed with the plea bargain and gave defendant the option of withdrawing his guilty plea. Defense counsel reminded the court that the only condition that could nullify the plea bargain was the existence of a criminal history and argued that there was no criminal history and no change in the probation department's recommendation for probation. The trial court rejected counsel's argument, stating, "I'm not going to let somebody walk on probation with the kind of conduct that has been alleged in this case." The court then allowed defendant to withdraw his plea. Defendant withdrew his guilty plea, and the case proceeded to trial on the original counts.

Defendant was sentenced to twenty years in the Department of Corrections (DOC). After defendant completed a DOC boot camp program, the trial court suspended defendant's twenty-year sentence and imposed intensive supervised probation with two years of work release.

■ Defendant contends that he is entitled to specific enforcement of the trial court's promise that he would receive a ten-year period of probation in lieu of imprisonment. We agree.

Crim. P. 11(f)(4) makes clear that a "trial judge shall not participate in plea discussions." The federal rule is substantially the same. Fed.R.Crim.P. 11(c)(1)("The court must not participate in these discussions."). This prohibition is designed to prevent coercion by the court in shaping a bargain. *United States v. Carver*, 160 F.3d 1266 (10th Cir.1998).

Furthermore, courts normally defer the decision to accept a plea agreement until there has been an opportunity to consider the presentence report.

When advising a defendant entering a guilty plea, a trial court is not bound by any representations made to the defendant concerning the penalty to be imposed, unless such representations are included in a formal plea agreement approved by the court and supported by the findings of any presentence report. Crim. P. 11(b)(5). However, the court has a duty to ensure that the terms of the bargain are not only understood by the defendant, but also adhered to by both sides and the court. *United States v. Ritsema*, 89 F.3d 392 (7th Cir.1996).

Plea agreements may be rescinded in certain circumstances. *United States v. Skid-*

*more,* 998 F.2d 372 (6th Cir.1993)(defendant's fraud upon the court); *United States v. Atkinson,* 979 F.2d 1219 (7th Cir.1992) (reformation of plea contract sought where there was an erroneous assumption concerning the criminal history of the defendant). However, a court is not permitted, "based on its own unilateral mistake, to withdraw its prior approval of a plea bargain that accurately reflects the terms of the parties' agreement and with which the defendant has complied." *United States v. Ritsema, supra,* 89 F.3d at 400–01.

 *United States v. Ritsema, supra,* involved facts similar to those presented here. There, the district court withdrew its prior acceptance of a plea agreement, professing that a mistake in accepting the agreement relieved it of any obligation to honor those terms. The appellate court reversed the withdrawal and enforced the accepted plea agreement.

> Although district judges are barred from the plea negotiation process by Rule 11, once they have given unqualified approval to a plea agreement they, like the parties, become bound by the terms of that agreement. Were courts free to re-examine the wisdom of plea bargains with the benefit of hindsight, the agreements themselves would lack finality and the benefits that encourage the government and defendants to enter into pleas might prove illusory. . . ."

*United States v. Ritsema, supra,* 89 F.3d at 401 (citations omitted).

Here, the trial court committed to the terms of the agreement provided that defendant had no criminal history as represented. Indeed, defendant had no criminal history, and so the terms of the plea bargain were met in all respects. That the trial court had second thoughts about the wisdom of the deal did not diminish its duty to comply with the terms which it accepted at the providency hearing. Once the court chose to engage in the bargaining process and agreed to

terms, it became obligated to comply with those terms, just as any other party to the agreement. We view the trial court's actions here as an unqualified approval subject to modification only in the presence of a criminal history. The court's faithful observance of the terms of the bargain in this instance was just as vital to the fairness and efficiency of the process as was the prosecutor's compliance. Once the court committed to the plea agreement, "it became bound by the terms of the agreement and could not, absent proof of fraud or breach of the plea bargain, set the agreement aside." *United States v. Ritsema, supra,* 89 F.3d at 402.

In light of our conclusions, we need not address the remaining issues raised by defendant.

The judgment of conviction is vacated and the case is remanded for further proceedings to assure that the plea bargain and terms of probation are enforced.

Judge DAILEY and Judge STERNBERG ** concur.