Opinion by JUDGE TAUBMAN
¶ 1 The People appeal the final sentencing order of the trial court entered on a plea agreement of defendant, Christopher Anthon Mazzarelli. We affirm.
I. Background
¶ 2 Mazzarelli was charged with child abuse in violation of section 18-6-401(1)(a), C.R.S. 2015, a class three felony as charged under section 18-6-401(7)(a)(III). The People and Mazzarelli reached a plea agreement providing that Mazzarelli would plead guilty to a reduced charge of class four felony child abuse in exchange for a stipulated sentencing range:
The sentence will be a Department of Corrections Sentence (DOC) within the Extraordinary Risk Crime Range of 2 to 8 years. Both sides are free to argue as to actual amount of incarceration the Court should impose.
I understand that any sentence imposed by the judge must conform to that agreement. If, after I plead guilty, the judge decides not to accept the sentence recommendation or limitation, I will have the right to withdraw my guilty plea and have a trial.
¶ 3 The plea agreement did not contain a similar provision allowing the People to withdraw from it.
¶ 4 On April 4, 2014, at an initial hearing, the trial court reviewed the plea agreement with Mazzarelli. The court accepted the plea and set a date for another hearing so it could review the presentence report before sentencing.
¶ 5 On June 26, 2014, at the second hearing, the prosecution proposed a five-year sentence. The prosecution argued:
This is a case where Mr. Mazzarelli was frustrated that a child was crying. And interrupting his ability to play video games. That is what he was doing. He was playing video games.
His wife was at work. Supporting the family. The Defendant was not working at the time. He was to take care of the child. He was playing video games. And a child was inconveniencing him by crying. Upset.
Mazzarelli did not object. The trial court, which was also presiding over Mazzarelli's dependency and neglect (D & N) proceeding, concluded it would be detrimental to the child if his father, Mazzarelli, were imprisoned and rejected the sentence recommendation, stating, "Not only do I not like it, I am not going to accept the plea agreement." The court gave the People the option to withdraw from the plea agreement and set the case for trial or go forward with open sentencing. The People requested time to respond.
¶ 6 On July 17, 2014, Mazzarelli filed a motion for appointment of a special prosecutor. He alleged that the People made "blatantly false statements" to the court during sentencing arguments, focusing on Mazzarelli being unemployed at the time of the incident and stating that he had abused the victim because the child's crying interrupted his playing video games.
*823 ¶ 7 On July 18, 2014, at the third hearing, the People clarified their misstatements from the previous hearing:
The two misstatements are, specifically, the defendant was unemployed. He was employed. He was employed at Borriello Brothers. He was working nights while the mother of the victim was working during the day. He was not at work that day, but that was the miscommunication, and I apologize to the Court for that.
The other violation was the video games. The defendant had been playing video games earlier in the day, was not playing video games at the time of the offense. He was on his phone, but not playing video games, and for that I apologize to the Court as well.
¶ 8 The People requested to withdraw from the plea agreement and reset the case for trial. The court denied the request as a sanction for prosecutorial misconduct based on the misstatements at the second hearing. The court moved forward with open sentencing and sentenced Mazzarelli to thirty-six months supervised probation, based in part on Mazzarelli's compliance with his treatment plan in the related D & N proceeding. As discussed below, this sentence was not imposed as a sanction for prosecutorial misconduct, but was based on independent reasoning by the trial court.
¶ 9 The People contend (1) the trial court should be bound by the plea agreement because it did not inform the parties before accepting the plea that it was inclined not to accept the stipulated sentencing range and (2) the court erred when it found prosecutorial misconduct and did not permit the People to withdraw from the plea agreement. We disagree. However, we need not address the prosecutorial misconduct issue directly because the misstatements by the prosecutor had no impact on the outcome of the case for two reasons: (1) regardless of the trial court's sanction, the People were not entitled to withdraw from the plea agreement and (2) the trial court's finding of prosecutorial misconduct did not implicate the sentence ultimately imposed because the trial court decided not to sentence Mazzarelli to the DOC before it knew of any misstatements.
II. Preliminary Issues
¶ 10 We address two preliminary issues raised by Mazzarelli. If he is correct, we would not need to reach the merits of the People's contentions. Mazzarelli contends (1) the People's appeal is barred by section 16-12-102(1), C.R.S. 2015; and (2) the People's available relief is limited by the Double Jeopardy Clause. We disagree with his first contention, but we agree with his second contention.
A. Jurisdiction
¶ 11 Mazzarelli contends the People's appeal is barred by section 16-12-102(1) because their appeal challenges the trial court's discretionary acts in rejecting a sentence recommendation and sanctioning prosecutorial misconduct. We disagree.
1. Applicable Law
¶ 12 Appeals by the prosecution are strictly limited. People v. Stephens, 837 P.2d 231, 235 (Colo. App. 1992). The People may appeal only questions of law, pursuant to section 16-12-102(1). See People v. Marston, 772 P.2d 615, 617 (Colo. 1989) (holding that review under section 16-12-102(1) was proper when trial court's dismissal was based on reviewing the face of a document).
2. Analysis
¶ 13 The parties' obligations under a plea agreement are questions of law. See Craig v. People, 986 P.2d 951, 960 (Colo. 1999). Therefore, we have jurisdiction.
B. Double Jeopardy
¶ 14 Mazzarelli next contends double jeopardy principles preclude reversing and remanding to the trial court. We agree and conclude the People's relief is limited to an order disapproving of the trial court's sentence.
1. Applicable Law
¶ 15 The Double Jeopardy Clauses of the United States and Colorado Constitutions protect an accused from being twice punished *824 for the same offense. U.S. Const. amends. V, XIV ; Colo. Const. art. II, § 18. Although a court may correct an illegal sentence without implicating double jeopardy concerns, it may not increase a lawful sentence after a defendant has begun serving it. People v. Sandoval, 974 P.2d 1012, 1015 (Colo. App. 1998).
2. Analysis
¶ 16 Here, Mazzarelli has already commenced serving his three-year probation sentence. The sentence was legal. Mazzarelli pleaded guilty to one count of child abuse as a class four felony and was not subject to a mandatory prison sentence. § 18-6-401(1)(a), (7)(a)(IV) ; cf. § 18-1.3-401(8)(d)(I), C.R.S. 2015 (class two and class three child abuse counts under sections 18-6-401(7)(a)(I) and (a)(III) require a prison sentence); People v. Tolbert, 216 P.3d 1, 3 (Colo. App. 2007) ("A sentence that is not in full compliance with the sentencing statutes is illegal.").
¶ 17 To remand his case for the imposition of a sentence of up to eight years in the custody of the DOC would violate his right to be free from double jeopardy provided that his sentence was legal, a conclusion we reach below. Thus, we cannot reverse and remand to the trial court. The only available relief to the People would be an order disapproving of the trial court's ruling. Therefore, we address the appeal on the merits. Because we conclude the trial court did not err or abuse its discretion, we affirm.
III. Sentence
¶ 18 The People contend the court erred when it sentenced Mazzarelli below the two- to eight-year range in the plea agreement. We disagree.
A. Standard of Review
¶ 19 We review de novo the parties' obligations under a plea agreement. See Craig, 986 P.2d at 960. We review a trial court's sentencing determination for abuse of discretion. People v. Watkins, 684 P.2d 234, 239 (Colo. 1984).
B. Applicable Law
¶ 20 The Rules of Criminal Procedure presume that a trial court is not bound by "any representations ... concerning the penalty to be imposed [for a defendant] or the granting or the denial of probation, unless such representations are included in a formal plea agreement approved by the court and supported by the findings of the presentence report, if any." Crim. P. 11(b)(5) ; see Young v. People, 30 P.3d 202, 206-07 (Colo. 2001). The judge in "every case should exercise an independent judgment in deciding whether to grant charge and sentence concessions." Crim. P. 11(f)(5) ; see also § 16-7-302(3), C.R.S. 2015 (notwithstanding the reaching of a plea agreement, the judge should always exercise independent judgment in deciding whether to grant charge and sentence concessions).
¶ 21 In Keller v. People, 29 P.3d 290, 297 (Colo. 2000), the supreme court held that the prosecutor may not withdraw from a plea agreement after its acceptance unless an ordered sentence reduction constitutes "a material and substantial breach of the plea agreement."
¶ 22 Further, the Keller court noted that "[t]he requirement that a defendant must be permitted to withdraw from a plea agreement that has been rendered invalid as a result of a trial court's constitutionally defective advisement does not, of course, compel the conclusion that a prosecutor should be allowed to withdraw from a plea agreement when a trial court has acted within its discretion to reduce a sentence originally imposed in accordance with a sentence stipulation." Id . at 296 (emphases in original, footnote omitted).
C. Analysis
¶ 23 The People contend the court impermissibly rejected the plea agreement after initially accepting it. They argue the court should be bound by the plea agreement because it did not inform the parties before accepting the plea agreement that it was inclined not to accept it. Therefore, the People contend the trial court erred when it sentenced Mazzarelli below the two- to eight-year *825 stipulated sentencing range included in the plea agreement. We disagree.
¶ 24 First, we interpret the plea agreement's terms. Craig, 986 P.2d at 960. The plea agreement provided that Mazzarelli would be sentenced to between two and eight years in the custody of the DOC.
¶ 25 However, we conclude the trial court did not explicitly accept and agree to be bound by the sentence recommendations contained in the plea agreement. At the first hearing, the trial court stated that it would "accept [Mazzarelli's] guilty plea." The court, contrary to the People's assertions, did not specifically mention the sentence recommendations. See Dawson v. People, 30 P.3d 213, 216 (Colo. 2001) (the trial court specifically reserved the right to sentence the defendant "however I think is right"); Clark v. People, 7 P.3d 163, 165 (Colo. 2000) (the trial court bound itself to sentence recommendations when it stated the sentence would "not exceed three years," as agreed in the plea agreement); People v. Roy, 109 P.3d 993, 994 (Colo. App. 2004) (In response to the prosecutor's specific request, the trial court stated, "yes, I would be willing to commit [to the proposed penalty] in advance, but only on the assumption [the defendant has] no criminal record, which is what was represented to me.").
¶ 26 In fact, the trial court went on to say that the matter would "be continued for receipt of a presentence investigation report and sentencing." As the People cite in their brief, a court is bound by sentence concessions that are included in a plea agreement, accepted by the court, and supported by a presentence report . Roy, 109 P.3d at 995. Here, unlike in Roy, the statements the People rely on are from the hearing before the court had received the presentence report, let alone reviewed it.
¶ 27 Further, the court notified the parties of its decision not to accept the sentence recommendations before it imposed a sentence lower than the sentencing recommendations in the plea agreement. In the second hearing, the court stated:
I don't like [the sentence recommendation that Mazzarelli must be sentenced to prison]. Not only do I not like it, I am not going to accept the plea agreement. That mandates that I sentence him to prison. I will accept an open sentence. That will accept a ComCor [community corrections] sentence. I am not willing to send this man to prison for what has occurred. Do you want to withdraw the guilty plea or withdraw the offer?
¶ 28 In addition to putting the parties on notice, the court also gave the People the opportunity to withdraw from the plea agreement or move forward with open sentencing. The People said they wanted more time to respond. Then, at the third hearing, the People said they wanted to withdraw from the guilty plea agreement, but the trial court would not let them because it found that the People had engaged in misconduct at the second hearing, as explained below in Part IV. Therefore, we conclude the trial court did not abuse its discretion when it sentenced Mazzarelli to three years' probation.
IV. Prosecutorial Misconduct
¶ 29 The People next contend the trial court erred when it refused to allow them to withdraw from the plea agreement after finding prosecutorial misconduct. They argue that the prosecutor's misstatements were insignificant and did not influence the length of Mazzarelli's sentence had the court complied with the stipulated sentencing range in the plea agreement.
¶ 30 We do not reach the issue of whether the prosecutor's statements constituted prosecutorial misconduct because the prosecutor was not entitled to withdraw the plea agreement and because there is no evidence the trial court was affected by the misstatements.
¶ 31 First, as noted previously, a prosecutor may only withdraw from a plea agreement after its acceptance unless an ordered sentence reduction constitutes "a material and substantial breach of the plea agreement." Keller, 29 P.3d at 297. Here, there was no acceptance of the entirety of the plea agreement, nor was there a material and substantial breach.
¶ 32 Second, at the second hearing, despite listening to the prosecutor's statements, the *826 trial court stressed that it would not accept the stipulated sentencing range in the plea agreement and would not send Mazzarelli to prison. Significantly, the trial court made this statement before it had any knowledge of prosecutorial misconduct.
¶ 33 As described in Part III.C, because the trial court accepted only Mazzarelli's guilty plea at the first hearing and still needed to review the presentence investigation report, the trial court had discretion to sentence Mazzarelli outside the terms of the stipulated sentencing range. Also, the sentence was not illegal, as discussed in Part III. Further, the People do not allege Mazzarelli "materially and substantially breached the plea agreement." Keller, 29 P.3d at 297. Therefore, we need not address any error by the trial court in not letting the People withdraw from the plea agreement based on the People's alleged prosecutorial misconduct.
V. Conclusion
¶ 34 The sentence is affirmed.
Miller and Fox, JJ., concur.