23CA1784 Peo v Egan 05-01-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1784
Chaffee County District Court No. 22CR98
Honorable Patrick W. Murphy, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Daniel Joseph Egan,

Defendant-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE BERNARD*
Fox and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 1, 2025

---

Philip J. Weiser, Attorney General, Brittany Limes Zehner, Senior Assistant
Attorney General and Assistant Solicitor General, Denver, Colorado, for
Plaintiff-Appellee

Patrick R. Henson, Alternate Defense Counsel, Chelsea A. Carr, Alternate
Defense Counsel, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     Defendant, Daniel Joseph Egan, appeals the trial court's order requiring him to pay restitution.  We affirm.

## I.     Background

¶ 2     The prosecution charged defendant with two counts of first degree aggravated motor vehicle theft, one count of theft, and one count of attempted first degree aggravated motor vehicle theft. These charges were based on the theft of two trucks and their contents.

¶ 3     As part of a plea disposition, defendant pled guilty to attempted first degree aggravated motor vehicle theft.  The remaining charges were dismissed.  Defendant agreed to a two-year prison sentence, to be served consecutively "to all other cases."

¶ 4     Turning to restitution, defendant agreed that he would "pay full restitution plus interest, including restitution on dismissed charges, dismissed cases, and regarding all victims revealed in discovery as follows — Open 60 days after the sentencing date." The trial court accepted the plea disposition and sentenced defendant accordingly, adding on the mittimus that restitution "remain[ed] open for 90 days."

1

¶ 5    Seventy-two days after sentencing, the prosecution filed a "Motion for Restitution Hearing" with an attachment seeking $10,626.65 in restitution for damages to one of the victim's trucks. Five days later, the prosecution filed a second "Motion for Restitution Hearing" on behalf of the second victim, with an attachment seeking $16,967.53 in restitution for damages to the second victim's truck and to replace tools that had been stolen from the truck.

¶ 6    Defendant objected.  The court set a restitution hearing.

¶ 7    At the hearing, defense counsel argued that the court could not impose restitution because the prosecution's requests had been filed more than sixty days after sentencing, which was, counsel continued, contrary to the plea disposition.  Alternatively, counsel objected to the amount of restitution that the prosecution had requested.

¶ 8    The court first rejected counsel's argument that the restitution requests were untimely under the plea disposition.  The court decided that the language of the plea disposition — restitution remains "[o]pen 60 days after the sentencing date" — was not a "substantive portion" of it.  In support of this decision, the court

2

said that "[i]t's not as if I'm changing the sentence or reinstating charges."  And the court noted that "[w]e started including this language in the plea [disposition] to make sure that we weren't getting a restitution request by the prosecution towards the end of that 91-day period."  Such late requests could result in violations of the statutory timeframe set by section 18-1.3-603, C.R.S. 2024.

¶ 9      Following this ruling, the prosecution offered the testimony of the two victims about the damage that their trucks had sustained. The second victim testified about the value of the tools that had been stolen from the second truck.

¶ 10     Based on the evidence presented at the hearing, the court ordered defendant to pay $9,500 to the first victim for the damage to his truck and $11,815 to the second victim for the damage to his truck and for the tools that had been stolen from it.

## II.    Plea Disposition

¶ 11     Defendant contends that the court erred when it ordered restitution even though the prosecution's restitution requests had been filed after the date set by the plea disposition.  We disagree.

3

A. Applicable Law and Standard of Review

¶ 12 When a defendant reasonably and detrimentally relies on the prosecution's promises in a plea disposition, due process requires their enforcement. *St. James v. People*, 948 P.2d 1028, 1032 (Colo. 1997). But not every breach of a plea disposition releases a defendant from his or her commitments. *Id.* Rather, a defendant is released from his or her commitments only when the prosecution has "materially and substantially breache[d] an obligation under the plea [disposition]." *Id.* A material and substantial breach occurs when the prosecution's "action or inaction stands in violation of a 'central component' of the plea [disposition]." *Keller v. People*, 29 P.3d 290, 297 (Colo. 2000)(quoting *People v. McCormick*, 859 P.2d 846, 858 (Colo. 1993)).

¶ 13 In this case, whether the prosecution materially and substantially breached the plea disposition was a factual question that the court had to resolve. We will not disturb the court's factual finding unless it was clearly erroneous. *St. James*, 948 P.2d at 1031; *McCormick*, 859 P.2d at 858. A factual finding is clearly erroneous in this context when, although there may be evidence to support it, the appellate court reaches the definite and firm

conviction that a mistake has been made.  *St. James*, 948 P.2d at 1031 n.8.

¶ 14    The prosecution does not dispute that the plea disposition states that the prosecution was required to provide information about restitution not more than sixty days after sentencing.  The question we must resolve is, therefore, whether the late filing of the restitution information breached the disposition.

### B.    Analysis

¶ 15    Although the court did not say that the prosecution's putative breach of the plea disposition was neither "material" nor "substantial," the court's statement that the sixty-day provision was not "a substantive piece of the plea [disposition]" was the equivalent of a finding that the breach was not material.  *See McCormick*, 859 P.2d at 858 (finding a material and substantial breach of a plea disposition despite the court's failure to specifically find that the breach was "material" or "substantial").

¶ 16    After reviewing the disposition, we conclude that the record supports the trial court's finding that the prosecution's obligation to provide restitution information within sixty days was not a "central component" of the plea disposition.  *See Keller*, 29 P.3d at 297

5

(quoting *McCormick*, 859 P.2d at 858).  Rather, as the court pointed out, it was included in the disposition to ensure compliance with the timeframe provided in section 18-1.3-603(1)(b), (2)(a) by giving defendant time to object to the prosecution's restitution request and for the court to hold a hearing and determine the amount of any restitution within ninety-one days.  *Cf. People v. Antonio-Antimo*, 29 P.3d 298, 303 (Colo. 2000)("Although a court will give credence to the plain language of the plea [disposition], it will not construe the language so literally that the purpose of the plea [disposition] is frustrated.").

¶ 17    In other words, the untimeliness of the prosecution's filing of the restitution requests did not prevent (1) defendant from filing a written objection to the amounts; (2) the court from holding a hearing on the written objection; and (3) the court from addressing the issue of restitution within the timeframe set by section 18-1.3-603.

¶ 18    On top of all this, the court gave defendant an opportunity to file a motion to withdraw his guilty plea if he believed that the sixty-day deadline was a "substantive term" of his plea disposition.  *See St. James*, 948 P.2d at 1032 ("A party is released from its plea

6

[disposition] obligations in situations where the other party materially and substantially breaches an obligation under the plea [disposition]."). Defendant did not take the court up on its offer.

¶ 19 Based on these factors, we conclude that the record supports the court's finding that the prosecution did not materially and substantially breach the plea disposition. *See McCormick*, 859 P.2d at 858 ("If a trial court's finding of a material and substantial breach is supported by evidence in the record, it will not be overturned on appeal unless the reviewing court is convinced that the finding is clearly erroneous."). We further conclude that we are not left with the definite and firm conviction that the court made a mistake when it made this factual finding. *See St. James*, 948 P.2d at 1031 n.8.

¶ 20 We are not persuaded otherwise by *People v. Roy*, 109 P.3d 993, 996 (Colo. App. 2004). Relying on *Roy*, defendant asserts that, once the court gave its unqualified approval of the plea disposition and adopted its stipulated timeline, it was bound by the terms of the disposition. It could not, therefore, absent proof of fraud or breach, set the disposition aside. Because defendant points out that there is no proof in the record that he breached the disposition

7

or engaged in fraud to secure it, he continues that the court was bound by the disposition's timeline. *See id.* at 996 ("Once the court committed to the plea [disposition], 'it became bound by the terms of the [disposition] and could not, absent proof of fraud or breach of the plea bargain, set the [disposition] aside.'")(quoting *United States v. Ritsema*, 89 F.3d 392, 402 (7th Cir. 1996)).

¶ 21    But the division in *Roy* was addressing the *court's* "faithful observance of the terms of the bargain," not the *prosecution's* compliance with the plea disposition's terms. *Id.* And, to the extent that defendant contends that the court "set the [disposition] aside" or "modified" the disposition's terms when it found that the sixty-day provision was not a substantive term of it, we disagree. The court did not modify the terms of the disposition or decline to abide by them; instead, it found that the prosecution's delay in submitting the restitution requests was not a material or substantial breach of the plea disposition.

III.    Sufficiency of the Evidence of Amount and Proximate Cause

¶ 22    Defendant next asserts that the court erred when it ordered him to pay restitution for the second victim's tools. There was, he

8

goes on, neither sufficient evidence of the tools' value or proof that he proximately caused their loss. We disagree.

## A. Applicable Law and Standard of Review

¶ 23    As is relevant to our analysis, a defendant convicted of any felony offense must pay restitution to any victim who suffered any pecuniary loss proximately caused by the defendant's conduct. § 18-1.3-602(3)(a), C.R.S. 2024; § 18-1.3-603(1). The goal of the restitution statute is to make victims whole for the harm they suffer resulting from the defendant's criminal conduct. *People v. Perez*, 2017 COA 52M, ¶ 13.

¶ 24    "The prosecution bears the burden of proving, by a preponderance of the evidence, both the restitution owed and that the victim's losses were proximately caused by the defendant." *People v. Vasseur*, 2016 COA 107, ¶ 15. But the court need not have a "mini-trial on the issue of damages." *Id.* (citation omitted). The preponderance standard only requires proof that, "upon consideration of all the evidence, the existence of that fact is more probable than its nonexistence." *People v. Garner*, 806 P.2d 366, 370 (Colo. 1991). And, while the prosecution may choose to present testimony in support of its burden, it is not required to do so. *See*

*People in Interest of A.V.*, 2018 COA 138M, ¶ 35 (noting that the prosecution may rely solely on documentary evidence in a restitution hearing).

¶ 25    We review de novo defendant's sufficiency of the evidence challenge. *Martinez v. People*, 2024 CO 6M, ¶ 19. In doing so, we evaluate "whether the evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, establishes by a preponderance of the evidence that the defendant caused that amount of loss." *People v. Barbre*, 2018 COA 123, ¶ 25; *see also People v. Stone*, 2020 COA 24, ¶ 7.

¶ 26    We review the court's proximate cause finding for clear error. *Martinez*, ¶¶ 3, 32. Under the clear error standard, we must affirm the court's findings unless the record does not support them. *Id.* at ¶ 34.

## B.    Analysis

¶ 27    At the restitution hearing, the second victim testified that his company provided a truck for one of his employees to use. He said that defendant stole the truck and damaged it. He added that "plumbing and mechanical tools, wrenches, and equipment of that nature" that had been in the truck had been taken and were never

10

recovered. In addition to the second victim's testimony, the prosecution submitted, and the district court accepted without objection, People's Exhibit 3 — a handwritten list of items that were missing from the truck when it was recovered.

¶ 28    The second victim testified that he was able to provide information about the value of some of the items on the list based on "receipts or notes that indicated what some of this stuff cost at the time [it had been bought]," and, for other items on the list, based on "a pretty reasonable guess." He explained that the handwritten list was "mostly compiled" by the employee who had been using the truck because the employee "had firsthand knowledge of what was on the truck much more than [the second victim] did, as far as the smaller tools that were on it." The second victim said that, while he did not provide information about the value of each item on the list, he had reviewed it. "[B]eing a person that buys tools, you know, on a monthly basis, it appeared to come to that $10,000 number based on [his] experience in buying tools and [his] estimate."

¶ 29    Based on this evidence, the court declined to order restitution for the estimated value of all the items on the list, which totaled

11

$10,000. Instead, the court ordered restitution only for the items on the list that had specific value amounts listed, which totaled $5,550.

¶ 30    Defendant submits that the court erred even by entering this reduced amount. But we conclude, for the following reasons, that the record contains sufficient evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, proving by a preponderance of the evidence that defendant caused that amount of loss. *See Barbre*, ¶ 25.

¶ 31    First, the rules of evidence — including rules regarding hearsay — are not applicable to restitution determinations. *People v. Babcock*, 2023 COA 49, ¶ 31 n.3 (*cert. granted on other grounds* Apr. 8, 2024). So the court was free to give the list whatever weight the court thought was appropriate.

¶ 32    Second, the prosecution may rely solely on documentary evidence to meet its evidentiary burden. *A.V.*, ¶ 35; *see People v. Ortiz*, 2016 COA 58, ¶ 28 (noting that, although a victim impact statement is considered hearsay, a district court may solely rely on it to award restitution). And defendant did not present any

evidence to show that the $5,550 amount was incorrect, so the court did not err by relying on the amounts included on the list. *See People v. Miller*, 830 P.2d 1092, 1094 (Colo. App. 1991)(absent evidence that the information is incorrect, the district court can rely on evidence submitted by the prosecutor).

¶ 33     Third, while more than mere speculation is required, the prosecution need not prove restitution by the same quality of evidence required in a trial. *A.V.*, ¶ 24. Although the second victim estimated the value of some of the items he provided on the list, those amounts were reasonable and not speculative. *See People v. Courtney*, 868 P.2d 1126, 1128 (Colo. App. 1993)(rejecting the defendant's contention that the amount of restitution was based on speculation, where the victim estimated the value of the tools in his car and the court found this estimate competent).

¶ 34     Turning to defendant's contention that the prosecution presented insufficient evidence to establish that his theft of the truck was the proximate cause of the loss of the listed items, it is not clear to us that he preserved it. We note that, before the restitution hearing, he only said that his objection was to "the amount" of restitution requested. At the hearing's end, after the

court had entered its restitution order, defense counsel made an additional record that defendant had not been found in possession of any of the tools and that he had not stolen the truck or "any of this property that's being alleged to have been stolen." The court replied that it was "part of the plea [disposition] that [defendant] pay any restitution" and that, "even if . . . he hadn't stolen the" truck, whoever took the tools would not have been able to do so if the truck had not been stolen. "So there is proximate causation."

¶ 35     But the prosecution does not contend that defendant did not preserve this assertion. So we will assume, without deciding, that defendant preserved it.

¶ 36     We conclude, for the following reasons, that the record contains at least some evidence supporting the court's factual finding that defendant was the proximate cause of the loss of the tools. *See Martinez,* ¶ 34.

- Defendant agreed in the plea disposition to pay "full restitution . . . including restitution on dismissed charges."

14

- The evidence presented by the prosecution proved that the theft of the tools stemmed from defendant's conduct forming the basis for the dismissed charges.

- Defendant did not rebut the prosecution's evidence when given an opportunity to do so.

- As to defendant's assertion that the evidence of causation was insufficient because the second victim lacked "personal knowledge" about the tools taken from the truck, such arguments go to the weight of the evidence, not to its sufficiency. *See A.V.*, ¶ 29 ("As the fact finder, the court had the authority to determine the weight of the evidence [and] the witnesses' credibility . . . .").

¶ 37 The trial court's restitution order is affirmed.

JUDGE FOX and JUDGE GOMEZ concur.